Good morning, Your Honor. My name is Louis Liu. I'm very grateful for the opportunity to present my case to the court, which is one of the most important circuit courts in the country. I came to New York as a young immigrant 29 years ago. I was 19 years old, spoke little English, and had nothing in my pocket. On the third day after landing at JFK, I started working in a Chinese takeaway restaurant in Brooklyn. Within the next six years, I completed my bachelor's degree from Brooklyn College and an MBA from NYU while I was working at the same time. Today I come before you as a proud American because I believe in the founding ideals established by the Declaration of Independence and codified in the Constitution. I present my case to the U.S. District Court for the District of Southern New York, Southern District of New York, with the many evidence that my voting right has been diluted and debased relative to residents in other states. For example, under the Electoral College, my vote is being counted as only less than 30% of residents in Wyoming. And in fact, 98% of Americans in the top 43 states are being counted or weighted less than 60% of the same resident in Wyoming for the same purpose. The district court, neither the defendants nor the district court, disputed the evidence I presented. However, the district court dismissed my case, citing lack of understanding. I respectfully disagree with that decision because it is inconsistent with the Constitution. First, the First Amendment guarantees every American has the right to petition for a redress of grievances, and the Fourteenth Amendment guarantees every American due process, equal protection of law, and also the right to vote shall not be abridged in any form. Furthermore, the district court decision contradicts many precedents set by the Supreme Court. Brown was Board of Education, Roe was Wade, U.S. was Fine Law Students, 1973, and FEC was Atkins, 1998, Massachusetts was EPA, 2007, and more recently, Obergefell was Hodges, 2015. In all those cases, the Supreme Court found the plaintiff has the standing to assert their fundamental rights in equality, privacy, consumer protection, transparency, environmental protection, and marriage equality. More specifically- Including that you did not have standing, one of the things the district court spoke about was the fact that the grievance you're complaining of is shared by everyone because it's part of the constitutional structure, and therefore, you don't have a specific injury. Indeed, it might be said that if anyone has an injury, it's the states because of how the electoral college discriminates among them. So that's part of the problem here, is that you don't have a particular injury to yourself. This is a broader one. Do you understand that? Do you want to say why you disagree with the district judge? Yes, Your Honor. In the Supreme Court decision in Massachusetts v. EPA, 2007, the Supreme Court's ruling said to deny standing to persons who are, in fact, injured simply because many others are also injured will mean that the most injurious and widespread government actions will be questioned by nobody. So that is the precedent set by the Supreme Court. And look- I think the Supreme Court has recognized that that might sometimes be the case, that no one can bring the challenge. Let me ask you this. If you clear the standing question, how do you ask a court to invalidate a provision of the Constitution? Very good. Thank you, Your Honor. Thank you for the question. We must recognize slavery was abolished by the 13th Amendment. And then also the three-fifth clause in the Constitution has been repealed by the 14th Amendment because it was wrong to count slaves as only 60 percent. And we, all of us here in this courtroom, we are not only New York residents, but also American citizens. We are subject to the same federal laws and taxations. However, our vote has been diluted and debased by the Electoral College. Well, that suggests you might urge a constitutional amendment to change that practice. But I'm not sure how a court gives you any relief as the Constitution stands now. And one of the requirements of standing is that you bring a claim that a court can redress the injury. So what is it you would ask the court to do? Thank you, Your Honor. I'm saying it was wrong to count slaves 60 percent by the three-fifth clause. The 14th Amendment itself repealed that three-fifth clause. By the same logic, it would be equally wrong and unconstitutional to count overwhelming majority of Americans today less than 60 percent for the same purpose of allocating electoral votes. We already have the 14th Amendment. We do not need another amendment. 14th Amendment stipulated clearly that the whole person clause in the first section and also in the first section one of the 14th Amendment also said we are all citizens entitled to the same privilege, immunities. And then section two said our right to vote shall not be abridged in any form. Devaluing, debasing the value of our vote is a violation of our right to vote. We already have that 14th Amendment. You have reserved some time. Or, no, you haven't reserved time in rebuttal. But let's hear from the government. Let's hear what they have to say. Thank you very much, Mr. Liu. Thank you, Your Honor. Good morning, Your Honors. May it please the Court. My name is Stephen Cha-Kim. I serve as an assistant United States attorney. This Court should affirm the decision of the lower court and may do so on any number of grounds, including for lack of Article III standing, as the lower court found, but also for lack of such a matter of jurisdiction on other bases, including the speech or debate clause of the Constitution, given the fact that the defendants named in this action are members of Congress and who are so named because of their actions as members of that legislature. This Court can also dismiss or affirm the dismissal of the complaint on the basis of the political question doctrine, which also deprives the Federal courts of jurisdiction to hear such a claim. Indeed, a question about how to elect the chief executive of the United States is perhaps a quintessential example of a political question that is left to the political process or, as Your Honor suggested earlier, to the constitutional amendment process. In addition, this Court can also ---- By invoking the political question doctrine, or is it just a matter of regressibility? I think those two doctrines are interrelated here, Your Honor. Likelihood of regressibility is low here because, as Your Honor suggested, no Federal court can compel another branch of the government to take a specific action, such as the one the plaintiff is suggesting, which goes hand in hand with the idea that certain political matters are not the domain of the Federal courts, but to the political process. In addition to a lack of such a matter of jurisdiction, this Court can also affirm the lower court under 12b-6 for failure to state a claim. Indeed, as this Court ruled in a similar action a few years ago in Yu v. Pelosi, such a claim that the electoral college process is unconstitutional fails to state a claim quite simply because the electoral college is part of the Constitution. In a related note, there is a failure to state a claim as well because, much like the speech-or-debate clause, no court has ever found a cognizable claim to be brought by a constituent against a member of Congress for a alleged injury from his or her actions in Congress. Now, as to standing, which is what Judge Palibello based his decision on, as Your Honor suggested, there are three different prongs that the plaintiff has to satisfy in order to meet Article III standing. Judge Pali addressed injury in fact in his opinion, and as Your Honor suggested, the type of injury here that's claimed is far too diffuse for a court to recognize an injury in fact. By plaintiff's own characterization, 98 percent of the country shares his injury. In addition, however, there is also the fact that there is no causal connection between the four named defendants here, who are the Democratic and Republican leaders of Congress, and the injury which he claims. And finally, I'll — If I understand it, I think Mr. Liu is suggesting that they're the people who would have to initiate the amendment process in Congress. Well, certainly, the Democratic — That's why they're the named defendants. Right. And I can see some of the logic in that. However, the constitutional amendment process doesn't necessarily start with the leaders of either the Congress or the House or the Senate. It can start in the states, for instance. And even if it did start in the Congress, certainly naming certain members of that legislature is not — in court is not the process for starting that constitutional amendment process. So unless there are further questions — Well, the real problem was you couldn't be certain of its outcome. So whatever they were directed to do wouldn't be enough to achieve the desired outcome. There are a lot of congressmen and women who'd have to vote, and then there are the Congressmen that would have to ratify, right? Sure. I mean, it's a long process. It is. And even the first step of the process, if it started in Congress, for instance, as Your Honor suggests, these four votes, even if they are the leaders, wouldn't guarantee that the requisite majority in each chamber would vote for such an amendment. What about Mr. Liu's suggestion today that amendment isn't needed, that the 14th Amendment precludes the electoral college scheme? I think that's an argument that's been made before before this Court and which has been respectfully dismissed. I think the problem with that is the 14th Amendment, a Reconstruction era amendment, certainly speaks of equal protection of the laws. But even the Supreme Court, in applying the Equal Amendment Clause to voting claims against the States, for instance, has said, at least in dictum, that the electoral college stands alone by virtue of the fact that it is in the Federal Constitution, that it is a an institution that may have unequal effects in the way that Mr. Liu suggests. However, by virtue of the fact that it is in our Constitution, you can't really bring a claim under the 14th Amendment or any other amendment. It's part of the constitutional compromise that achieved the document, right? Exactly, Your Honor. So unless there are further questions, the government will rest on its brief. Thank you very much. Thank you, Mr. Liu. We're going to take this case under advisement. We'll try to get you a decision.